Angie M. Marth, Esq. SBN 264567
Shapiro, Van Ess, Sherman & Marth, LLP
949 South Coast Drive, Suite 475
Costa Mesa, CA 92626
Telephone: (877) 257-0717
Fax: (847) 879-4836
Email: bkdept-ca@logs.com
Attorneys for Movant

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>KATHLEEN JANE YANDA<br>AND RICHARD FRANK YANDA,<br><br>Debtor(s). | ) CASE: 19-52118<br>) CHAPTER: 7<br>) R.S. NO.: AMM-103 (Northern)<br>)<br>)<br>)<br>)<br>) **MOTION FOR RELIEF FROM**<br>) **AUTOMATIC STAY**<br>)<br>) **DATE:   01/17/2019**<br>) **TIME:   10:00 a.m.**<br>) **PLACE:  Northern District, San Jose**<br>) **Division, 280 South First Street**<br>) **Courtroom 11**<br>) **San Jose, CA 95113-3099** |

Nationstar Mortgage LLC d/b/a Mr. Cooper ("MOVANT"), hereby moves the Court for an Order for Relief from the Automatic Stay pursuant to *11 U.S.C. Section 362(d)(1)* and/or *(d)(2)* on the grounds hereafter set forth:

1.   The court has jurisdiction over this Motion for Relief from the Automatic Stay under the provisions of 28 U.S.C. Sections 157 and 1334 and 11 U.S.C. Section 362.  This is a "core proceeding" under Title 28 of the United States Code, Section 157(b)(2)(G). Venue in this Court is proper under the provisions of 28 U.S.C. Section 1409.

2. On October 17, 2019, Debtors Kathleen Jane Yanda and Richard Frank Yanda filed a Chapter 7 petition in the United States Bankruptcy Court for the Northern District of California, San Jose Division, Case No. 19-52118. **Kari Bowyer** is the duly appointed and acting Chapter 7 Trustee.

3. The Debtor's estate includes real property commonly known as **2724 S 25Th St., Saint Joseph, MO 64503**.

4. On October 19, 2012, Kathleen J. Yanda and Richard F. Yanda made and delivered to Citibank, N.A. as payee, a Promissory Note ("Note") secured by a Deed of Trust ("Deed of Trust") in the principal sum of $93,600.00 with the Note all due and payable on November 1, 2042. The Note and Deed of Trust encumber real property commonly known as **2724 S 25Th St., Saint Joseph, MO 64503** ("Property") and is legally described as set forth in the Deed of Trust.

5. The total amount due under the Note and Movant's Deed of Trust as of November 21, 2019, exclusive of attorneys' fees and costs, was approximately $82,834.46.

| | |
|---|---|
| Unpaid Principal Balance: | $81,744.41 |
| Interest: | $1,090.05 |
| **Total due:** | **$82,834.46** |

6. As of November 21, 2019, the Debtors have defaulted in their loan obligation by failing to make regular post-petition monthly mortgage installments for the months of **September 01, 2019** through and including **November 01, 2019** for total post-petition arrearage of **$2,047.98**, exclusive of attorneys' fees and costs. An additional payment of $682.66 has become due on December 01, 2019.

7. The Debtors claim under penalty of perjury in Schedule A – Real Property and in Schedule D – Creditors Holding Secured Claims, that the real property has a fair market value of **$70,000.00**. True and correct copies of said Schedule A and Schedule D are attached hereto as

**Exhibit 4** and is incorporated herein by reference. After deducting the estimated costs of sale and the total encumbrances from the Debtors' value of the real property, there is no remaining equity to adequately protect Movant's interest in the real property, and there is no remaining equity for the Debtors.

8. Furthermore, the real property has no substantial value for the Debtors' estate. According to Schedule A, the fair market value of the real property is $70,000.00. The real property is encumbered by Movant's deed of trust securing a debt of $82,834.46. Since the total encumbrances against the property are estimated to be $82,834.46, there is no equity in this asset for the Chapter 7 Trustee to administer.

9. There is cause to terminate the automatic stay so that Movant can progress enforcement of its contractual default remedies under the Note and Deed of Trust. Pursuant to *11 U.S.C. § 362(d)(1)*, Movant's interest in the Property is not protected by an adequate equity cushion. Pursuant to *11 U.S.C. § 362(d)(2)(A)*, the Debtors have no equity in the Property; and, pursuant to *§362(d)(2)(B)*, the Property is not necessary to an effective reorganization.

WHEREFORE, Movant prays for an Order as follows:

1. Order Terminating Automatic Stay to allow Movant to enforce its state law foreclosure remedies against the real property described above and to allow the successful bidder to recover possession of said real property in accordance with applicable state laws.

2. That the Order Terminating Automatic Stay be binding and effective notwithstanding any conversion of this case to a case under any Chapter of Title 11 of the United States Bankruptcy Code without further notice, hearing or court order.

3. That the Order Terminating Automatic Stay be deemed effective and enforceable immediately upon its entry with no stay on its enforcement as prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

4. For such other relief as the Court deems proper.

**Respectfully submitted,**

**DATED**: <u>December 04, 2019</u>    /s/ Angie Marth
*Angie Marth*
**Shapiro, Van Ess, Sherman & Marth, LLP**
Attorneys for Movant